IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOSE LUIS CASTRO, | § |
| Movant, | § |
| V. | § NO. 7:20-CV-023-O |
| | § (NO. 7:18-CR-015-O) |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the motion of Jose Luis Castro, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 7:18-CR-015-O, and applicable authorities, finds that the motion should be set for hearing as to the allegation that movant's counsel failed to file a notice of appeal after having been instructed to do so and otherwise denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On August 15, 2018, movant was named in a one-count indictment charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR Doc.[1] 17. Movant entered into a written plea agreement with the government, which stated, among other things, that: movant faced a term of imprisonment for a period not to exceed 20 years; movant's sentence would be imposed by the court after consideration of the sentencing

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:18-CR-015-O.

guidelines; movant had discussed the guidelines with his attorney but understood that no one could predict the outcome of the Court's consideration; the government would recommend a sentence of 48 months but its recommendation would not be binding on the Court; movant's plea was freely and voluntarily made and there were no promises or guarantees as to what sentence would be imposed; movant waived his right to appeal and to pursue collateral relief, except that he could appeal a sentence exceeding the statutory maximum or resulting from an arithmetic error, to challenge the voluntariness of his plea, or to claim ineffective assistance of counsel; and, movant had reviewed all legal and factual aspects of his case with his attorney and was fully satisfied with his legal representation. CR Doc. 22. In addition, movant and his counsel signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 21.

On August 27, 2018, movant appeared before the Court to enter his plea of guilty to the offense charged. CR Doc. 44. Movant and his counsel signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 24. Movant testified under oath that: he understood he should never rely or depend upon any statement or promise by anyone as to what penalty would be assessed against him; his plea must not be induced or prompted by any promise, pressure, threats, force, or coercion of any kind; he had discussed the charge against him and the guidelines with his attorney; the Court would not be bound by the stipulated facts and could take into account other facts; he had read and understood the indictment; he had discussed the case, the issue of punishment, and how the guidelines might apply with his attorney and was fully satisfied with the representation and advice he had received; he read and understood the plea agreement before signing it; he understood he was waiving his right to appeal except under limited

2

circumstances; he had discussed the waiver with his attorney; all of the terms of his agreement were set out in the plea agreement; no one had made any promise or assurance to induce him to enter a plea of guilty; no one had mentally, physically, or in any other way attempted to force him to plead guilty; he understood he faced a term of imprisonment for a period not to exceed 20 years; and, all of the facts in the factual resume were true and correct. CR Doc. 69. The Magistrate Judge recommended that the plea be accepted. CR Doc. 25. No objections were filed and the Court accepted the recommendation. CR Doc. 28.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 32. CR Doc. 30, ¶ 23. He received a two-level decrease under USSC § 2D1.1(b)(17). *Id.* ¶ 24. Based on a total offense level of 30 and a criminal history category of I, movant's guideline imprisonment range was 97 to 121 months. *Id.* ¶ 63. Movant filed objections, CR Doc. 33, and the probation officer prepared an addendum to the PSR. CR Doc. 36. The addendum noted that the drugs seized had been tested and determined to be "ice," hence movant's base offense level became 36 and the revised guideline range became 151 to 188 months. *Id.*

Movant was sentenced to a term of imprisonment of 97 months. CR Doc. 52. He did not appeal.

## II. GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion. Doc.[2] 1. In his first ground, movant alleges that he instructed his counsel to file a notice of appeal but that counsel failed to do so. *Id.* at 11. He also alleges that counsel failed to properly confer with him regarding an appeal. *Id.* In

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

3

his second ground, he alleges that his counsel was ineffective in failing to aggressively pursue a binding plea agreement under Rule 11(c)(1)(C). *Id.* at 12. And, in his third ground, movant alleges that his sentence was unreasonable, because it was more than double the government's recommendation of 48 months. *Id.* at 13.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first ground, movant alleges that his counsel failed to appropriately confer with him regarding an appeal and that counsel failed to file a notice of appeal when instructed to do so. The first part of the allegation is belied by the record. As reflected in the plea agreement, movant agreed to waive his right to appeal except in limited circumstances. CR Doc. 22 at 6. He

5

testified in open court that he had discussed the waiver with his counsel and knowingly and voluntarily agreed to it. CR Doc. 69. His conclusory allegation to the contrary is insufficient to overcome his solemn declarations at arraignment. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

As for the contention that counsel failed to file a notice of appeal when instructed to do so, the government concedes that a hearing is necessary. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

In his reply, movant concedes that his second and third grounds are meritless. Doc. 21 at 2, n.1. As discussed below, movant could not prevail on either of them.

In his second ground, movant asserts that his counsel was ineffective in failing to obtain a plea that would have bound the Court to a sentence of 48 months. Doc. 1 at 12. A defendant does not have a constitutional right to a plea agreement. *Missouri v. Frye*, 566 U.S. 134, 148 (2012). In this case, there is no reason to believe that the government would have been amenable to such an agreement. Nor is there any reason to believe that the Court would have accepted it. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). After all, movant persisted in the argument that his sentence should be 48 months, despite the fact that the drug testing reflected that the methamphetamine was ice, but the Court determined that a sentence of 97 months was appropriate. Doc. 17.

In his third ground, movant argues that his sentence was unreasonable. Doc. 1 at 13. This is a ground that could and should have been raised on appeal. However, movant knowingly and voluntarily waived his right to appeal on this ground. CR doc. CR Doc. 22 at 6. Such a waiver is enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

6

Movant could not prevail on the merits in any event. His argument is based on the erroneous premise that his guideline range was 91 to 121 months. Doc. 1 at 13. As noted in the addendum to the PSR, the appropriate guideline range was 151 to 188 months based on the purity of the methamphetamine. CR Doc. 36. The Court varied downward to impose a sentence of 97 months. Doc. 17; CR Doc. 53.

## V. ORDER

For the reasons discussed herein, the Court **ORDERS** that movant's motion be, and is hereby, **DENIED** except that, by separate order, the Court is ordering a hearing as to the part of the first ground of the motion in which movant alleges that his counsel failed to file a notice of appeal as instructed.

**SO ORDERED** on this 19th day of July, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE